**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:    415.434.4484
FACSIMILE:     415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL, | Case No: 5:07-CV-05158-JF |
| Petitioners, | **STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS** |
| vs. | |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715, | [Local Rules 6-1 and 6-3] |
| Respondent. | |
| | Judge:    Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00213-JF |
| Petitioner and Counter-Respondent, | |
| vs. | |
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| Respondents and Counter-Petitioners. | Judge:    Hon. Jeremy Fogel |

**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2

| | | |
|---|---|---|
| 1 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| 2 | Petitioner, | |
| 3 | vs. | |
| 4 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 5 | | |
| 6 | Respondents. | Judge: Hon. Jeremy Fogel |
| 7 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| 8 | | |
| 9 | Petitioner, | |
| 10 | vs. | |
| 11 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 12 | | |
| 13 | Respondents. | Judge: Hon. Jeremy Fogel |
| 14 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| 15 | | |
| 16 | Petitioner, | |
| 17 | vs. | |
| 18 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 19 | | Judge: Hon. Jeremy Fogel |
| 20 | Respondents. | |
| 21 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| 22 | Petitioner, | |
| 23 | vs. | |
| 24 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 25 | | |
| 26 | Respondents. | Judge: Hon. Jeremy Fogel |
| 27 | | |
| 28 | | |

2
**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE THAT** Petitioners and Respondents STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL (the "HOSPITALS") hereby move this Court (presided over by the Hon. Jeremy Fogel), pursuant to U.S. District Court – Northern District of California's Civil Local Rules ("Local Rules") 6-1 and 6-3, for an order continuing the date to file and hear dispositive motions in the above-referenced actions (the "Actions"). The HOSPITALS' motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the supporting Declaration of Eileen R. Ridley, the pleadings and records on file in these Actions, and such other evidence as may be presented to the Court.

## MOTION

### A. Factual Background

This Court conducted a Case Management Conference on April 25, 2008 for each of the Actions. During that proceeding, the Court set the date for dispositive motions and required opening briefs to be filed on July 18, 2008. The Court also permitted the HOSPITALS to conduct discovery regarding the existence of Petitioner and Respondent, SERVICE EMPLOYEES INTERNATIONAL UNION ("SEIU"), Local 715 (herein referred to as "SEIU-Local 715" or "Local 715"), its representative capacity, and the handling of its resources. *See,* Transcript of Case Management Conference attached as Exhibit "A" to Declaration of Eileen R. Ridley In Support of Motion To Continue Deadline To File/Hear Dispositive Motions ("Ridley Decl.") [Dkt. 40]. Within twelve working days of the Case Management Conference, the HOSPITALS served their requests for production to SEIU-Local 715 in each of the Actions and also issued subpoenas to the International, SEIU – Local 521, and SEIU-UHW. *See,* Ridley Decl. ¶¶3-4, pp. 3-4 and Exhibits "B" – "C" thereto. In addition, the HOSPITALS noticed the depositions of five (5) specific witnesses who retain information related to the issues

3
**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2

which are the subject of discovery – including the President of the International who placed Local 715 in trusteeship and the trustee of Local 715.  These depositions were set to follow the production of documents required from the requests for production and subpoenas.  *See*, Ridley Decl. ¶¶3-10, pp. 3-5 and Exhibits "B" – "J" thereto.  Counsel for SEIU-Local 715 also represents two of the other entities who were served with subpoenas – SEIU –UHW and SEIU-Local 521.  *See*, Ridley Decl. ¶6, p. 4 and Exhibit "E" thereto.  After receiving extensions to respond to the discovery requests, and in a concerted strategy to stonewall all discovery requests in an effort to improperly prejudice the HOSPITALS' ability to present a complete dispositive motion in the Actions, each of counsel's clients (*i.e.*, Local 715, UHW and Local 521) have objected to the discovery demands, refused to produce documents, and refused to produce witnesses.  *See,* Ridley Decl. ¶¶ 3-13, pp.  3-7 and Exhibits "B" – "N" thereto.  The HOSPITALS are in the process of conferring with counsel for Local 715 (and the other union entities) with an eye toward resolving these issues but, if the issues cannot be resolved, the HOSPITALS plan to file a motion to compel production of documents and witnesses next week.  *See*, Ridley Decl. ¶14, pp 6-7.  In the meantime, the HOSPITALS requested Local 715 agree to stipulate to continue the dates to file and hear dispositive motions in the case.  Local 715 has rejected this request.  *See*, Ridley Decl. ¶ 12, pp. 5-6.

**B.     The HOSPITALS Will Be Prejudiced If the Hearing and Filing Deadlines For Dispositive Motions Are Not Continued**

The HOSPITALS are not requesting this Court resolve the pending discovery disputes by way of this motion (separate motions to compel discovery will be presented to the magistrate next week if necessary).  However, the HOSPITALS will be severely prejudiced if they are required to file dispositive motions prior to the completion of discovery pending in the Actions.  The discovery requests served by the HOSPITALS were specifically tailored to the area of discovery permitted by the Court.  Moreover, the depositions sought by the HOSPITAL were focused on a small number of people who

4

**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2

have relevant evidence to provide to this matter – *e.g.*, Andrew Stern the president of the International who placed Local 715 into trusteeship, Bruce Smith – the trustee of Local 715 whom counsel refused to produce, representatives of Local 521 who received information regarding Local 715 funds, and representatives of UHW who were involved in operations of the Servicing Agreement between UHW and Local 715. *See*, Ridley Decl. ¶¶ 8-10, pp. 4-5 and Exhibits "H" – "J". Counsel's initial reaction to each discovery request was to object and refuse to substantively respond characterizing the requests as "harassing". *See*, Ridley Decl. ¶¶ 6-14, pp. 4-7. This is part of an established pattern and practice of Local 715 to evade providing substantive discovery responses.[1] Only last evening has counsel for Local 715 provided possible dates for depositions of the witnesses – all of which are on the eve of the present filing deadline for dispositive motions. *See*, Ridley Decl. ¶¶8-12, pp. 4-5 and Exhibits "H" – "M". If the HOSPITALS are not permitted to complete the pending discovery processes prior to the filing of dispositive motions, their defense in these matters will be severely hampered as the relevant facts of the cases will not have been fully established. No prejudice to Local 715 will be suffered given that there is no pending trial date in the Actions and it is Local 715's actions (as well as their counsel's) which have caused the need for the requested continuance. *See*, Ridley Decl. ¶¶2-14, pp. 3-7 and Exhibits "A" – "N" thereto.

### C.    Local Rules 6-1 and 6-3 Permit The Requested Continuance

Local Rules 6-1 and 6-3 permit this Court to continue the date for hearing on dispositive motions as well as the deadline to file opening briefs for such motions. As the HOSPITALS have acted diligently to conduct discovery, have been met with a coordinated effort by Local 715 and its counsel to stall discovery, and would be prejudiced if the present motion were denied, this Court should continue both the hearing

---

[1] Indeed, in a similar tactic, Local 715 brought a complaint before the NLRB against the Hospitals but that complaint was terminated based upon Local 715's refusal to provide relevant information regarding itself. *See*, Ridley Decl. ¶ 13, p. 6 and Exhibit "N" thereto.

5
**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2

1 and filing dates for dispositive motions so that the pending discovery disputes can be
2 resolved and the discovery completed.  The HOSPITALS anticipate that such activities
3 should be completed within ninety (90) days.  Moreover, there is no prejudice to Local
4 715 as this is the first request for a continuance and the continuance will not affect any
5 other court deadline (especially since there is no set trial date).  Moreover, as it is Local
6 715's and its counsel's actions which have delayed discovery, they cannot now claim to
7 be prejudiced by the continuance requested.  *See*, Ridley Decl. ¶13, pp. 6 and Exhibit "N"
8 thereto.

### D.   Conclusion

For the foregoing reasons, the HOSPITALS request that the Court continue the hearing and filing deadlines associated with dispositive motions in the Actions for at least ninety (90) days.

Dated:  July 2, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI


By:  /s/_____
         EILEEN R. RIDLEY
         Attorneys for STANFORD HOSPITAL &
         CLINICS and LUCILE PACKARD
         CHILDREN'S HOSPITAL

6
**HOSPITALS' MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1421332.2