**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814

Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Petitioners,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Respondent. | Case No:  5:07-CV-05158-JF<br><br>STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715<br><br>Date:        August 27, 2008<br>Time:       9:30 A.M.<br>Dept:        Courtroom 4, 5th Floor<br><br>Judge:          Hon. Jeremy Fogel<br>Magis. Judge:  Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner and Counter-Respondent,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents and Counter-Petitioners. | Case No:  5:08-CV-00213-JF<br><br><br><br><br><br><br><br>Judge:          Hon. Jeremy Fogel |

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

| | | |
|---|---|---|
| 1 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| 2 | Petitioner, | |
| 3 | vs. | |
| 4 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 5 | | |
| 6 | | Judge:    Hon. Jeremy Fogel |
| 7 | Respondents. | |
| 8 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| 9 | Petitioner, | |
| 10 | vs. | |
| 11 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 12 | | |
| 13 | | Judge:    Hon. Jeremy Fogel |
| | Respondents. | |
| 14 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| 15 | Petitioner, | |
| 16 | vs. | |
| 17 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 18 | | |
| 19 | | Judge:    Hon. Jeremy Fogel |
| 20 | Respondents. | |
| 21 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| 22 | Petitioner, | |
| 23 | vs. | |
| 24 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 25 | | |
| 26 | Respondents. | Judge:    Hon. Jeremy Fogel |
| 27 | | |
| 28 | | |

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................................ 1

POINTS AND AUTHORITIES ..................................................................................................... 1

    I.        INTRODUCTION ............................................................................................ 1

    II.       FACTUAL BACKGROUND .......................................................................... 2

            A.    Local 715 Requests And Receives Additional Time To Respond To The RFPs ................................................................ 3

            B.    Local 715's Responses To The RFPs .................................................. 3

    III.      DISCUSSION ................................................................................................. 4

            A.    Local 715's Responses To The RFAs Were Wholly Inadequate, And Its Objections Are Without Merit ........................... 4

                (1)    Local 715's Generalized Objections On The Basis Of Overbreadth And Undue Burden Are Improper ..................... 4

                (2)    Local 715's Claims That Documents Are Exempted From Production Because Of Privilege Or Other Legal Protection Are Without Merit And Not Supported By The Required "Privilege Log" ................................................. 5

                (3)    Local 715's Claims Of Third Party Privacy Rights Are Unsupported ........................................................................ 6

            B.    Local 715's Production Of Documents Is Manifestly Inadequate ........................................................................................... 7

            C.    Local 715, Local 521 And UHW Have Chosen To Engage In A Concerted Effort To Frustrate Discovery In This Case, And Their Conduct Should Result In Sanctions ..................................... 10

    IV.      CONCLUSION .............................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

### FEDERAL CASES

*Allen v. Woodford*,
    2007 WL 309943 (E.D.Cal. 2007) ............................................................................... 7

*Burlington Northern & Santa Fe Railway Company v. United States District Court
    For The District Of Montana*,
    408 F.3d 1142 (9th Cir. 2005) ..................................................................................... 6

*Josephs v. Harris Corporation*,
    677 F.2d 985 (3d Cir. 1982) ........................................................................................ 4

*Kaur v. Alamedia*,
    2007 WL 1449723 (E.D.Cal. 2007) ............................................................................. 7

*Ragge v. MCA Universal Studios*,
    165 F.R.D. 601 (C.D. Cal. 1995) ................................................................................. 7

*Ramirez v. City Of Los Angeles*,
    231 F.R.D. 407 (E.D.Cal. 2005) .................................................................................. 4

*Thomas v. Hickman*,
    2007 WL 4302974 (E.D.Cal. 2007) ......................................................................... 4, 6

### FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS

Federal Rules of Civil Procedure,
    Rule 26(b)(5) ................................................................................................................ 6
    Rule 26(b)(5)(A) .......................................................................................................... 5
    Rule 26(b)(5)(A)(ii) ..................................................................................................... 6
    Rule 37(a)(5) .............................................................................................................. 10

National Labor Relations Act ............................................................................................... 5

United States Constitution,
    First Amendment ......................................................................................................... 5

-ii-
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD HEREIN:

PLEASE TAKE NOTICE that on August 27, 2008 at 9:30 AM or as soon thereafter as counsel may be heard in Courtroom Four on the Fifth Floor of the above entitled court, located at 280 South 1st Street, San Jose, CA 95113, Stanford Hospitals & Clinics and Lucille Packard Children's Hospital (collectively the "Hospitals") will bring on for hearing their Motion to Compel Further Responses To Discovery Requests Propounded to Local 715.

This motion is made on the grounds that Service Employees International Union, Local 715, a party to the above-captioned cases, has failed to provide complete responses to requests for production of documents propounded upon them by the Hospitals. This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Declaration of Eileen R. Ridley, the records and pleadings on file herein, and upon such oral and documentary evidence as may be presented at the time of the hearing thereon.

**POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

These actions, declared related in the Court's order of February 29, 2008, involve Stanford Hospital And Clinics and Lucile Packard Children's Hospital (the "Hospitals") and three locals of the Service Employees International Union ("SEIU") known as SEIU, Local 715 ("Local 715"), SEIU Local 521 ("Local 521") and SEIU, United Healthcare Workers – West ("UHW") (sometimes collectively the "Locals"). Local 715 is a party to each of the actions. Local 521 and UHW are not parties. After a case management conference on April 25, 2008 during which the Court specifically approved discovery into the existence, representation, and transactions of Local 715, the Hospitals issued requests for production of documents ("RFPs") to Local 715 and business records

1
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

subpoenas on Local 521 and UHW. Local 715, after requesting, and receiving, a time extension, served responses consisting mainly of patently invalid objections along with a mere thirty-four (34) pages of documents.

As Local 715 has submitted grossly insufficient responses to the RFPs, the Hospitals request that the Court order that Local 715 comply with the RFPs. Furthermore, particularly given that the Locals are all represented by the same law firm, their conduct reflects a blatant and concerted attempt to "stonewall" the Hospitals, and the Hospitals request that the Court impose appropriate sanctions.

## II.  FACTUAL BACKGROUND

Each of these actions involves the Hospitals' obligation to arbitrate with Local 715 pursuant to a collective bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly issued pursuant to the CBA. The Hospitals have alleged that Local 715, certified as the exclusive bargaining representative of a bargaining unit of Hospital employees (the "Bargaining Unit") in 1998, has effectively ceased to exist, and that therefore there is no entity to act as petitioner in these actions and no party with whom the Hospitals have an obligation to arbitrate.[1] [Declaration Of Eileen Ridley In Support Of Motion ("Ridley Decl.") Exh. B-D.] The Hospitals also assert that the attorneys from the law firm of Weinberg Roger & Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in arbitration proceedings with the Hospitals do not actually represent Local 715, but instead are retained by UHW and are acting under the guise of an invalid servicing agreement (the "Servicing Agreement"). [Ridley Decl. Exh. B-D.]

On April 25, 2008, the Court held a case management conference. At the CMC, counsel for Local 715 argued that no discovery was necessary in the case. The Hospitals'

---

[1] The Hospitals contend that Local 715 was merged into Local 521 and an improper attempt was made to merge or transfer the Hospitals' bargaining unit to UHW.

2
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

1  counsel argued, however, that, due to the Hospitals' claims regarding the status of Local
2  715, some discovery was necessary before dispositive motions could be filed.
3  Specifically, it was argued that discovery was necessary on the issues of Local 715's
4  continued existence, Local 715's resources, its capacity as representative of the
5  Bargaining Unit, and the legal representation provided to Local 715. [Ridley Decl. Exh.
6  E (P. 4-5).] The Court agreed and specifically approved discovery into these limited
7  areas. [Ridley Decl. Exh. E (P. 13-14).]
8      Accordingly, on May 13, 2008, the Hospitals served upon Local 715 a set of fifty-
9  seven (57) requests for production of documents. [Ridley Decl. Exh. F-K.][2] The
10  document sought in the RFPs and subpoenas pertained to: (1) the existence or non-
11  existence of Local 715; (2) the representative status of Local 715 (3) the nature of the
12  representation provided by Weinberg; and (4) the resources of Local 715 and the use and
13  movement of those resources.

### A. Local 715 Requests And Receives Additional Time To Respond To The RFPs

16  Local 715's responses to the RFPs were originally due on June 16, 2008. On the
17  morning of June 16, 2008, Bruce Harland contacted Ms. Ridley via e-mail requesting a
18  one (1) week extension of the time in which to respond, to June 23, 2008. [Ridley Decl.
19  Exh. DD.] Ms. Ridley agreed to this extension. [Ridley Decl. Exh. EE.]

### B. Local 715's Responses To The RFPs

21  On June 23, 2008, Local 715 served responses to the RFPs by e-mail and
22  overnight delivery. [Ridley Decl. Exh. FF-KK.] The responses provided mainly
23  consisted of boilerplate objections repeated verbatim for each document request. Local

---

[2] Six sets of RFPs were served on Local 715, one in each of the six cases. Likewise, identical subpoenas were served on Local 521 and UHW in all six cases. The content of the RFPs and subpoenas were, however, identical, and the Hospitals indicated that, in the interest of efficiency, the responding parties could serve a single set of documents in response to the requests in all six cases. [Ridley Decl. Exh. Z & AA]

715 responded to some requests by stating that no responsive documents existed. With respect to other requests, Local 715 did provide documents. However, Local 715 produced a total of only thirty-four (34) pages of documents.

Ms. Ridley informed Mr. Harland that the Hospitals considered Local 715's responses insufficient, and wrote him a letter detailing the Hospitals' position. [Ridley Decl. Exh. LL & QQ.] Ms. Ridley and Mr. Harland held a telephone conference on outstanding discovery issues on July 9, 2008. [Ridley Decl. ¶ 25 & Exh. WW.] However, they were unable to resolve the disputes.

### III. DISCUSSION

#### A. Local 715's Responses To The RFAs Were Wholly Inadequate, And Its Objections Are Without Merit

Local 715 did provide responses to the document requests served upon it. Those responses are, however, inadequate. Specifically, Local 715's responses to document request numbers 1-14, 17-21, 27-28, 31, 34, 37, 40, 42-45, 48-53, and 56 must be supplemented.

##### (1) Local 715's Generalized Objections On The Basis Of Overbreadth And Undue Burden Are Improper

Each and every one of Local 715's responses to the Hospitals' fifty-seven (57) requests for production begins with an objection that the request at issue is "overbroad, unduly burdensome, onerous and vague and ambiguous as to time and scope." It is well-established that a party responding to requests for admissions must do more than make generalized boilerplate claims of overbreadth, undue burden or vagueness. *Thomas v. Hickman*, 2007 WL 4302974 (Slip Op. at 10) ("Objections that are not sufficiently specific, such as statements that requests are overly broad, burdensome, or oppressive, are waived."); *Ramirez v. City Of Los Angeles*, 231 F.R.D. 407, 409 ("it is well-settled that all grounds for objection must be stated with specificity."); *Josephs v. Harris Corporation*, 677 F.2d 985, 992 (3d Cir. 1982) ("The litany of overly burdensome,

4

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

oppressive, and irrelevant does not alone constitute a successful objection to a discovery request."). In none of its objections does Local 715 make any attempt to describe the nature of the burden or oppression that would be visited upon it by complying with the Hospitals' discovery requests. Nor does Local 715 attempt to quantify the degree of burden that it would experience.

### (2) Local 715's Claims That Documents Are Exempted From Production Because Of Privilege Or Other Legal Protection Are Without Merit And Not Supported By The Required "Privilege Log"

Each of Local 715's responses asserts that production of documents is excused due to a privilege or other protection. The privileges and protections identified are the attorney-client privilege, the attorney work product doctrine, the National Labor Relations Act ("NLRA"), The First Amendment to the United States Constitution ("First Amendment") and unspecified "public policy grounds."

Initially, it is unclear (and Local 715 does not explain) why any of the requested documents would be privileged or protected by the First Amendment or the NLRA. Local 715's reference to "public policy," without identification whatsoever of the public policy that would prevent the disclosure of otherwise discoverable documents, is not a valid ground for refusing to produce documents. However, even assuming that the First Amendment, the NLRA, or Local 715's mysterious "public policy" might privilege or protect some of the requested documents, the Federal Rules are clear that a party must do more than simply assert privileges or protections in order to preserve otherwise legitimate objections.

Rule 26(b)(5)(A) expressly states that where otherwise discoverable information is withheld based on a claim of privilege or protection for trial preparation material (*i.e.*, work product protection), the party must "describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner

5

STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

that, without revealing information itself privileged or protected, will enable other parties to assess the claim." F.R.Civ.P. 26(b)(5)(A)(ii). The bare invocation of a privilege or protection does not constitute a valid objection and may result in the waiver of any privilege or protection that may exist. *Burlington Northern & Santa Fe Railway Company v. United States District Court For The District Of Montana*, 408 F.3d 1142, 1147-1148 (9th Cir. 2005) ("boilerplate assertion of an evidentiary privilege in response to a discovery request does not satisfy the demands of Rule 26(b)(5)").

Local 715 has not even attempted to produce this required "privilege log" to support its objections, and enable the Hospitals to evaluate their claims of privilege, despite the Hospitals' specific request that it do so. Local 715 did not explain the categories of documents that are allegedly privileged or protected, or even explain why the asserted privileges or protections are applicable to any documents. The only thing it has done is engage in mantra-like repetition of the same boilerplate objections to every single document request. Such patently insufficient objections are not only legally deficient, they are indicative of bad faith and should result in the waiver of any privilege or protection that may have existed (if any).

### (3) Local 715's Claims Of Third Party Privacy Rights Are Unsupported

Among Local 715's standard objections is the objection that production would violate the privacy rights of certain unidentified third parties. In federal court cases such as the present one, where the court's jurisdiction is based on a federal question, federal, rather than state, privacy law governs. *Thomas, supra*, 2007 WL 4302974, (Slip Op. at 3-4). As noted previously, where a party objects to discovery requests, those objections must be stated with specificity. Here, as with Local 715's other objections, Local 715 has failed to provide any specifics regarding the basis of its privacy objection. The objection is, therefore, defective and waived. Furthermore, the right to privacy (to the extent that it applies here at all) is not absolute, but must be weighed against the need

6
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

for the information. *Ragge v. MCA Universal Studios*, 165 F.R.D. 601, 604-605 (C.D. Cal. 1995). Local 715's bare assertion of third party privacy rights provides no means to evaluate the claim and balance it against the Hospitals' need for discovery.

### B. Local 715's Production Of Documents Is Manifestly Inadequate

When responding to a request for production for documents, the responding party must do more than make a cursory search for responsive documents, but must "undertake a diligent and reasonable search to insure that its discovery responses are complete." *Allen v. Woodford*, 2007 WL 309943 (E.D.Cal. 2007) (Slip Copy at 6); *Kaur v. Alamedia*, 2007 WL 1449723 (E.D.Cal. 2007) (Slip Copy at 2) (responding party is required to "conduct a diligent search and reasonable inquiry in effort to obtain responsive documents."). In this case, Local 715 produced documents in response to only four (4) of the fifty-seven (57) document requests propounded by the Hospitals. These were document requests 11, 12, 18, and 43. However, the documents produced amounted to only thirty-four (34) pages of documents. These responses are manifestly inadequate. It is implausible in the extreme that the thirty-four (34) pages of documents produced, which comprise eleven (11) separate documents plus nine (9) pages of printouts from the Local 715 Website, represent the sum total of the documentation on the alleged continued existence of Local 715, or the events and transactions surrounding its dissolution, Local 715's status as representative of the Bargaining Unit, the nature of the legal representation provided to Local 715, and transactions between Local 715 and Local 521 and UHW.

Beyond the facial inadequacy of Local 715's production, there is incontrovertible evidence that Local 715 has failed to produce responsive documents. Through their own investigation the Hospitals are aware of the existence of documents that they believe are also in the possession of Local 715, but which were not produced. Specifically, Local 715 has failed to produce the following documents known to the Hospitals:

///

7
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

- It failed to produce letters and e-mail correspondence between persons claiming to represent Local 715 and the Hospitals, which the Hospitals know to exist on issues including the continued existence of Local 715, Local 715's status as collective bargaining representative, and legal representation provided to Local 715.  [Ridley Decl. Exh. XX.]  Those documents also reflect communications between Local 715 and persons employed by UHW and the SEIU International.

- It has failed to produce written grievances filed by UHW employees that Local 715 claimed were acting on its behalf pursuant to the Servicing Agreement. [Ridley Decl. Exh. YY.]

- It has failed to produce anything approaching complete documentation of the content of its website.  In particular, the Hospitals are in possession of images taken from the Local 715 Website containing statements on the relationship between Local 715 and Local 521, which were not produced.  [Ridley Decl. Exh. ZZ.]

- It has failed to produce balloting material relating to a vote conducted among employees purportedly represented by Local 715 concerning a plan that specifically involved changing the affiliation of Hospital employees from Local 715 to UHW.  [Ridley Decl. Exh. BBB.]

- It did not produce a memorandum from SEIU International President Andrew Stern to SEIU Locals detailing the SEIU's plan to reorganize California locals by, among other things, splitting up Local 715 and merging it into Local 521 and UHW.  [Ridley Decl. Exh. CCC.]

- It has failed to produce the "LM-2" reports that it is required to file with the Department of Labor.  [Ridley Decl. Exh. DDD & EEE.]  It has also failed to

8
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

> produce any of the underlying documents used to generate the information in the LM-2, including information relating to employee salaries, assets of the organization, cash receipts and disbursements, bank records, and many other categories of information.

The above-described information represents only a sampling of the responsive documents that Local 715 should have produced in response to the requests for admission based upon the limited documents that the Hospitals already know to exist. Indeed, the responsive documents presently in the Hospitals' possession far outnumber the documents that Local 715 has produced to date. The fact that Local 715 has failed to produce many documents that the Hospitals know to exist casts grave doubt on the diligence with which Local 715 conducted its search for documents (or its willingness to make a good faith response). There are certainly many more documents in the possession custody or control of Local 715 about which the Hospitals are presently unaware. Local 715's failure to produce these documents is a gross abuse of the discovery process. Its decision to engage in intransigence and gamesmanship is particularly egregious due to the short time frame in which the parties have to complete discovery, given the July 18, 2008 deadline to file dispositive motions.[3] Indeed, at the CMC, Judge Fogel told the parties that he expected them to cooperate to ensure that discovery could be completed promptly and motions could be filed as scheduled on July 18, 2008 – an admonition that Local 715's attorneys have evidently chosen to ignore or flout.

///

///

///

---

[3] In fact, due to Local 715's failure to provide adequate discovery responses, the Hospitals have been forced to file a motion requesting that the Court extend the dispositive motion deadline.

### C. Local 715, Local 521 And UHW Have Chosen To Engage In A Concerted Effort To Frustrate Discovery In This Case, And Their Conduct Should Result In Sanctions

The Locals, all being represented by the same firm, were well aware that Judge Fogel ruled at the CMC that the Hospitals were entitled to seek discovery on the status of Local 715, its representative status, its legal representation, and its transactions with other SEIU Locals, and that such discovery needed to be completed expeditiously in order to allow the parties to file dispositive motions on July 18, 2008.  Yet, rather than make a good faith response, Local 521 and UHW chose to refuse to respond to the subpoenas.  Local 715, although it did respond to the RFPs, did little more than present the Hospitals with a litany of meritless boilerplate objections and a patently insufficient document production.  The Locals' attorneys have refused to cooperate with counsel for the Hospitals.  Rather than working with the Hospitals, they have chosen to resort to shrill and empty accusations of harassment and bad faith.  This conduct created the necessity for this motion.[4]

This Court is authorized to sanction a party who fails to comply with a discovery request, or who provides an incomplete or evasive response.  F.R.Civ.P. 37(a)(5).  Given the Locals' complete failure to adhere to the spirit and the letter of the federal discovery rules, an order imposing sanctions on Local 715 is appropriate.  The Hospitals respectfully request that that the Court order sanctions against Local 715 and its counsel for the costs associated with brining this motion, including attorneys fees.  The Hospitals estimate that they have spent and/or anticipate spending approximately $12,000 to bring this motion.  [Ridley Decl. ¶ 35.]

---

[4] This conduct should also be viewed in the context of the Weinberg Firm's refusal to produce witnesses for depositions and to cooperate in selecting alternative dates for depositions as detailed in the Hospitals' Motion to Compel Depositions filed concurrently with this motion.

10
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1420370.3

## IV. CONCLUSION

For the foregoing reasons, Stanford Hospital And Clinics and Lucile Packard Children's Hospital respectfully request that the motion be granted, that Local 715 be ordered to provide complete responses to the RFPs, and specifically RFP numbers 1-14, 17-21, 27-28, 31, 34, 37, 40, 42-45, 48-53, and 56, and that appropriate sanctions be imposed.

Dated: July 11, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: /s/
    EILEEN R. RIDLEY
    Attorneys for STANFORD HOSPITAL &
    CLINICS and LUCILE PACKARD
    CHILDREN'S HOSPITAL

11
STANFORD HOSPITAL AND CLINICS AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO
COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS PROPOUNDED TO LOCAL 715
CASE NOS. 5:07-CV-05158-JF; 5:08-CV-00213-JF; 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF
SFCA_1420370.3