**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:   415.434.4484
FACSIMILE:   415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>Petitioners,<br><br>vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>Respondent. | Case No: 5:07-CV-05158-JF<br><br>**STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**<br>[Local Rules 6-1 and 6-3]<br><br>Judge:   Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>Petitioner and Counter-Respondent,<br><br>vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br><br><br>Judge:   Hon. Jeremy Fogel |

HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO
FILE/HEAR DISPOSITIVE MOTIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF, 5:08-CV-01726-JF, 5:08-CV-01727-JF

SFCA_1441967.1

| | | |
|---|---|---|
| 1 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00215-JF |
| 2 | Petitioner, | |
| 3 | vs. | |
| 4 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 5 | | |
| 6 | | Judge:     Hon. Jeremy Fogel |
| 7 | Respondents. | |
| | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-00216-JF |
| 8 | | |
| 9 | Petitioner, | |
| 10 | vs. | |
| 11 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 12 | | |
| 13 | Respondents. | Judge:     Hon. Jeremy Fogel |
| 14 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01726-JF |
| 15 | | |
| 16 | Petitioner, | |
| 17 | vs. | |
| 18 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 19 | | |
| 20 | Respondents. | Judge:     Hon. Jeremy Fogel |
| 21 | SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 | Case No: 5:08-CV-01727-JF |
| 22 | Petitioner, | |
| 23 | vs. | |
| 24 | STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL | |
| 25 | | |
| 26 | Respondents. | Judge:     Hon. Jeremy Fogel |
| 27 | | |
| 28 | | |

2
HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO
FILE/HEAR DISPOSITIVE MOTIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1441967.1

## I. Introduction

On July 2, 2008, Petitioner and Respondent in the above-captioned cases, STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL (the "Hospitals"), filed their Motion to Continue Deadline To File/Hearing Dispositive Motions (the "Motion"). To date, the Court has not acted on the Motion.

While the parties filed their dispositive motions per the Court's previous order by July 18, 2008, the Hospitals nevertheless still seek the Court's continuance of the hearing and remaining briefing on the dispositive motions in order to facilitate discovery of relevant facts which directly relate to the issues raised by those motions. There are presently pending motions to compel discovery responses against Petitioner and Respondent, SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715 ("Local 715"), and related union entities which are set to be determined on September 3, 2008 – five days *after* the presently scheduled hearing on the dispositive motions. The discovery sought goes directly to the issue of Local 715's existence, the use of its resources, and its representative capacity. Thus, the Hospitals seek the Court's continuance of the dispositive motions in order to ensure that the parties have access to and use of relevant discovery related to the issues presented by the dispositive motions.

### A. Factual Background

This Court conducted a Case Management Conference on April 25, 2008 for each of the above-captioned actions (the "Actions"). During that proceeding, the Court set the date for dispositive motions and required opening briefs to be filed on July 18, 2008. The Court also permitted the HOSPITALS to conduct discovery regarding the existence of Local 715, its representative capacity, and the handling of its resources. *See,* Transcript of Case Management Conference attached as Exhibit "A" to Declaration of Eileen R.

Ridley In Support of Motion To Continue Deadline To File/Hear Dispositive Motions ("Ridley Decl.") [Dkt. 40].

The Hospital served discovery demands to Local 715 and other relevant union entities (including UHW, SEIU Local 521, and the International) including requests for production and deposition notices. These requests were uniformly objected to, a paltry amount of documents were produced, and no depositions were provided. Thus, the Hospitals filed motions to compel discovery responses in each of the cases.

Further, on July 2, 2008, the Hospitals filed their Motion seeking to have the dispositive motion deadlines and hearing continued to permit the discovery of evidence relevant to those motions.[1] To date the Court has not acted on the Motion. However, the Court has set the hearing on the motions to compel to take place on September 3, 2008 – *five days after* the hearing on the dispositive motions.[2]

The discovery at issue concerns the existence of Local 715, the use of its assets and its representative capacity. Since the filing of the motions mentioned herein, the purported Trustee of Local 715, Bruce "Rusty" Smith, sought bargaining for a new collective bargaining agreement with the Hospitals. On July 28, 2008, the Hospitals withdrew recognition of Local 715. (*See*, Declaration of Eileen R. Ridley In Support of Supplemental Brief In Support of Motion to Continue Deadline to File/Hear Dispositive Motions ("Ridley Decl."), ¶ 2, p. 3 and Exhibit A thereto). In its withdrawal of recognition, the Hospital cited the failure of Local 715, Local 521, UHW and the International to provide the documents and testimony needed regarding the critical issues of Local 715's existence, asset handling and representative capacity. Further, the union

---

[1] *See*, 5:07-CV-05158-JF [Dkt. # 41-45]; 5:08-CV-00213-JF [Dkt. #33-37]; 5:08-CV-00215-JF [Dkt. #22-26]; 5:08-CV-00216-JF [Dkt. #28-32]; 5:08-CV-01726-JF [Dkt. # 11-15]; and 5:08-CV-01727-JF [Dkt. # 11-15].

[2] *See*, 5:07-CV-05158-JF [Dkt. # 58]; 5:08-CV-00213-JF [Dkt. #48]; 5:08-CV-00215-JF [Dkt. #37]; 5:08-CV-00216-JF [Dkt. #43]; 5:08-CV-01726-JF [Dkt. # 26]; and 5:08-CV-01727-JF [Dkt. # 26].

4
**HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1441967.1

1  entities' strategy of withholding information was again the basis of the National Labor
2  Relations Board's (Region 32) July 23, 2008 decision to dismiss a charge filed by Local
3  715's counsel against the Hospital. (*See*, Ridley Decl., ¶ 3, p. 3 and Exhibit B thereto).
4      Significantly, the union entities have publically admitted in press releases that "the
5  international merged five locals including Local 715 into a new local – Local 521.
6  Several of those locals represented a few units of private sector health care workers and
7  at the time of the merger those units were placed in UHW because Local 521 does not
8  represent private sector workers [such as those working at the Hospitals]." (See, Ridley
9  Decl., ¶ 4, p. 3, and Exhibit C thereto). Similarly, in a story published by the Palo Alto
10 Weekly regarding the controversy, the following was noted:

> The United Healthcare Workers [UHW] union has requested
> a union representation election from the National Labor
> Relations Board (NLRB) for employees at Stanford Hospital
> and Lucile Packard Children's Hospital. [¶] The union
> represents about 1,450 housekeepers, food-service workers,
> nursing assistants and other employees at the two hospitals
> who have been represented by the Service Employees
> International Union (SEIU), Local 715. But that local merged
> with SEIU, Local 521, and are now a part of United
> Healthcare Workers. [¶] United Healthcare Workers is now
> *trying to correct that* by requesting that the NLRB hold an
> election, which will probably take about a month, according
> to UHM [*sic*] spokeswoman Kim Curtis."

24 (*See*, Ridley Decl., ¶ 5, pp. 3-4 and Exhibit D thereto, emphasis added).
25     Thus, while Local 715 and the other union entities have completely refused to
26 provide relevant discovery in this matter regarding its existence and the use of its
27 resources, it simultaneously has admitted publicly that Local 715 was "merged" into

5
HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO
FILE/HEAR DISPOSITIVE MOTIONS
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1441967.1

1  Local 521 – which did not represent private service employees and UHW is now trying to
2  "correct" the mistake.

3      **B.**    **The Dispositive Motions Should Be Continued So As To Not Prejudice**
4  **the Hospitals**

5      The above-noted public admissions that Local 715 had been merged with Local
6  521 supports the Hospital's contention that Local 715 did not and does not exist and
7  therefore cannot proceed with the Actions. This contention is at the very heart of the
8  pending Motions for Summary Judgment/Adjudication filed by the Hospitals and will be
9  the subject of the oppositions the Hospitals will file to the pending dispositive motions
10 filed by Local 715. However, Local 715 and the other union entities (*i.e.*, UHW, Local
11 521 and the International) have refused to provide the relevant discovery related to this
12 issue – even going so far as to refuse to produce Local 715's Trustee, Bruce "Rusty"
13 Smith, for deposition. While the Hospitals have been diligent in seeking this discovery,
14 the union entities have conducted a concerted effort to thwart all discovery in the matter.
15 While pending motions to compel discovery are set to be heard on September 3, 2008 –
16 that hearing is five days after the presently scheduled hearing date on the pending
17 dispositive motions. To permit Local 715 and the other union entities to avoid discovery
18 of relevant facts while the Court reviews dispositive motions which in large part depend
19 upon the facts which are the subject of that discovery is highly prejudicial to the
20 Hospitals. Thus, the Hospitals request that the Court continue the hearing and remaining
21 briefing on the pending dispositive motions to a date which will permit the pending
22 discovery to be completed.

23     **B.**    **Conclusion**

24     For the foregoing reasons, the HOSPITALS request that the Court continue the
25 hearing and filing deadlines associated with dispositive motions in the Actions to a date
26 which will permit the pending discovery to be completed.

27

28

6
**HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO
FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1441967.1

Dated: August 4, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: /s/
EILEEN R. RIDLEY
Attorneys for STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL

---

7

**HOSPITALS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO CONTINUE DEADLINE TO FILE/HEAR DISPOSITIVE MOTIONS**
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF; 5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1441967.1