**FOLEY & LARDNER LLP**
ONE MARITIME PLAZA, SIXTH FLOOR
SAN FRANCISCO, CA 94111-3409
TELEPHONE:  415.434.4484
FACSIMILE:  415.434.4507

LAURENCE R. ARNOLD, CA BAR NO. 133715
EILEEN R. RIDLEY, CA BAR NO. 151735
SCOTT P. INCIARDI, CA BAR NO. 228814
KRISTY KUNISAKI, CA BAR NO. 241005

Attorneys for STANFORD HOSPITAL & CLINICS and
LUCILE PACKARD CHILDREN'S HOSPITAL

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL,<br><br>    Petitioners,<br><br>    vs.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715,<br><br>    Respondent. | Case No: 5:07-CV-05158-JF<br><br>STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN<br><br>Date:         September 24, 2008<br>Time:        1:30 PM<br>Dept:         Ctrm 4, 5th Floor<br><br>Judge:       Hon. Jeremy Fogel<br>Magistrate Judge: Hon. Richard Seeborg |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>    Petitioner and Counter-Respondent,<br><br>    vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>    Respondents and Counter-Petitioners. | Case No: 5:08-CV-00213-JF<br><br><br><br><br><br><br><br><br><br>Judge:       Hon. Jeremy Fogel |

MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>　　　　Respondents. | Case No: 5:08-CV-00215-JF<br><br><br><br><br><br>Judge:　　Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>　　　　Respondents. | Case No: 5:08-CV-00216-JF<br><br><br><br><br><br>Judge:　　Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>　　　　Respondents. | Case No: 5:08-CV-01726-JF<br><br><br><br><br><br>Judge:　　Hon. Jeremy Fogel |
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 715<br><br>　　　　Petitioner,<br><br>　　vs.<br><br>STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL<br><br>　　　　Respondents. | Case No: 5:08-CV-01727-JF<br><br><br><br><br><br>Judge:　　Hon. Jeremy Fogel |

SFCA_1447266.1

1 | TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD
2 | HEREIN:
3 |   PLEASE TAKE NOTICE that on September 24, 2008 at 1:30 PM or as soon
4 | thereafter as counsel may be heard in Courtroom 4 of the above entitled court, Stanford
5 | Hospitals & Clinics and Lucille Packard Children's Hospital (collectively "the
6 | Hospitals") will bring on for hearing their Motion to Compel the Deposition of Greg
7 | Pullman.[1]
8 |   This motion is made on the grounds that Mr. Pullman has failed without
9 | substantial justification and without having served a valid objection, to appear at
10 | deposition, and/or to reschedule a date for his deposition.  This Motion is based upon this
11 | Notice of Motion and Motion, the Memorandum of Points and Authorities, the
12 | Declaration of Scott P. Inciardi, the records and pleadings on file herein, and upon such
13 | oral and documentary evidence as may be presented at the time of the hearing thereon.
14 | ///
15 | ///
16 | ///
17 | ///
18 | ///
19 | ///
20 | ///
21 | ///
22 | ///
23 | ///
24 | ///
25 |
26 | [1] The Hospitals have noticed this Motion for hearing on September 24 because the Court has already directed that a hearing on the Hospitals' outstanding discovery motions
27 | (comprising three motions to compel document productions, and a motion to compel the depositions of three (3) other witnesses) are to be heard on that date.
28 |

3
MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

In April, 2008, this Court ruled that Stanford Hospital And Clinics and Lucile Packard Children's Hospital (the "Hospitals") were entitled to pursue discovery into the existence of Service Employees International Union, Local 715 ("Local 715"), the resources of the purported organization, and its legal representation. Accordingly, as part of their discovery efforts, the Hospitals noticed the deposition of Greg Pullman, a former employee of Local 715 and current employee of "Local 715's" parent organization, Service Employees International Union ("SEIU" or the "International"). SEIU's attorney has stated unfounded objections to the deposition of Mr. Pullman, and has refused to produce him for deposition on a mutually agreed-upon date. The Hospitals have spent months attempting to schedule Mr. Pullman's deposition. In response, SEIU has resorted to delay tactics and, more recently, outright stonewalling. The intervention of this Court has, therefore, become necessary, and the Hospitals respectfully request that the Court enter an order requiring SEIU and Mr. Pullman to comply with their legal obligations. The Court should also issue sanctions based upon the refusal of SEIU and Mr. Pullman to comply with valid subpoenas.

## II. FACTUAL BACKGROUND

Each of these actions involves the Hospitals' obligation to arbitrate with Service Employees International Union, Local 715 ("Local 715") pursuant to a collective bargaining agreement (the "CBA") and/or to comply with arbitration awards purportedly issued pursuant to the CBA. The Hospitals have alleged that "Local 715," has effectively ceased to exist, and that, therefore, there is no entity to act as petitioner in these actions and no party with whom the Hospitals have an obligation to arbitrate. In the alternative, the Hospitals have alleged that, to the extent that "Local 715" does continue to exist, it has invalidly attempted to transfer its representational functions to another SEIU Local, Service Employees International Union, United Healthcare Workers – West ("UHW").

1  The Hospitals also assert that the attorneys from the law firm of Weinberg Roger &
2  Rosenfeld (the "Weinberg Firm" or "Weinberg") who have sought to participate in
3  arbitration proceedings with the Hospitals do not actually represent Local 715, but
4  instead are retained by UHW and are acting under the guise of an invalid servicing
5  agreement (the "Servicing Agreement"). [Declaration of Scott P. Inciardi ("Inciardi
6  Decl.") ¶ 2.]
7      On April 25, 2008, the Court held a case management conference. At the CMC,
8  counsel for Local 715 argued that no discovery was necessary in the Cases. The
9  Hospitals' counsel, however, argued that, due to the Hospitals' claims regarding the
10 status of Local 715, some discovery was necessary before dispositive motions could be
11 filed. Specifically, it was argued that discovery was necessary on the issues of Local
12 715's continued existence, Local 715's resources, its capacity as representative of the
13 Bargaining Unit, and the legal representation provided to Local 715. [Inciardi Decl. ¶ 3
14 Exh. A at 4:2-5:2.] The Court agreed and specifically approved discovery into these
15 areas. [Id. at 13:25-14:9.]
16     As a part of their discovery efforts, the Hospitals sought to take the deposition of
17 Greg Pullman. Mr. Pullman is a former employee of Local 715, who held the position of
18 "Staff Director." [Inciardi Decl. ¶ 14 & Exh M.] In early to mid 2006, Mr. Pullman was
19 a primary point of contact between Local 715 and the Hospitals. [Id.] In his capacity as
20 Staff Director of Local 715, he made representations to the Hospitals regarding the status
21 of Local 715. [Id.] He was also a participant in the implementation of the Servicing
22 Agreement between Local 715 and UHW. [Id.] Therefore, the Hospitals concluded that
23 he likely had information relevant to the issues in these Cases. Accordingly, on June 16,
24 2008, Mr. Pullman was personally served with deposition subpoenas in each of the Cases.
25 [Inciardi Dec. ¶ 4 & Exh. B.] The deposition subpoenas required Mr. Pullman to appear
26 and be deposed at the offices of Foley & Lardner LLP in Palo Alto, California on July 7,
27 2008. [Id.]
28

5
MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

After Mr. Pullman was served with the Subpoenas, the Hospitals were contacted by Norman Gleichman, attorney for Mr. Pullman's present employer, SEIU. [Inciardi Decl. ¶ 5 & Exh. C.] Mr. Gleichman indicated that he would not agree to produce Mr. Pullman for deposition. [Id.] Additionally, SEIU had been served with subpoenas for the production of documents, responses to which were due prior to the date noticed for Mr. Pullman's deposition, but SEIU had not (and to this day has not) responded to those subpoenas. [Inciardi Decl. ¶ 13 & Exh. L.] Because SEIU had indicated that it would not produce Mr. Pullman, and had refused to produce documents in advance of the deposition, the Hospitals were not prepared to go forward with the deposition on the original date. Nevertheless, notwithstanding Mr. Gleichman's stated objections, and for reasons unknown to the Hospitals, Mr. Pullman appeared at Foley & Lardner LLP's offices on July 7, 2008. However, for the aforementioned reasons, the Hospitals were not prepared to depose Mr. Pullman on that date and the deposition could not take place.[2] [Inciardi Decl. ¶ 5-6 & Exh. C-F.]

Thereafter, the Hospitals attempted to arrange for a mutually acceptable alternative date for Mr. Pullman's deposition. The Hospitals requested alternative dates on July 7, 2008, and again on July 11, 2008. [Inciardi Decl. ¶ 6-7 & Exh. D & G.] Mr. Gleichman provided no dates in response. [Inciardi Decl. ¶ 8] On July 31, still not having received proposed dates, the Hospitals again requested dates for Mr. Pullman's deposition, indicating that it needed to receive dates by August 4, 2008 in order to avoid the necessity of a motion to compel. [Inciardi Decl. ¶ 8 & Exh. H.] Mr. Gleichman suggested that the parties talk the following day. [Inciardi Decl. ¶ 9 & Exh. I.] The

---

[2] Additionally, although Mr. Pullman was accompanied by Bruce Harland, counsel for "Local 715," Mr. Gleichman, who was representing Mr. Pullman as an employee of SEIU, did not appear at the deposition, and had not indicated that the deposition could proceed in his absence. Therefore, it would have been inappropriate for the deposition to take place in any event.

1  Hospitals agreed, but indicated that it was now necessary for SEIU to indicate whether it
2  would produce Mr. Pullman, and, if so, the dates on which he was available. [Id.] On
3  August 6, 2008, Mr. Gleichman again temporized suggesting that the deposition be
4  discussed after the Hospitals and "Local 715" met and conferred regarding "Local 715's"
5  non-compliance with its own discovery obligations. [Inciardi Decl. ¶ 10 & Exh. J.] On
6  August 7, 2008, the Hospitals again requested that SEIU state whether it would produce
7  Mr. Pullman for deposition and, if so, on what dates he was available. [Inciardi Decl. ¶
8  11 & Exh. K.] To date, SEIU has not responded to this communication. [Inciardi Decl. ¶
9  12.]

All told, since Mr. Pullman was served with the subpoenas in early June, and despite repeated requests by the Hospitals, SEIU has not provided a single mutually acceptable date on which it would be willing to produce Mr. Pullman, and, at least since July 7, 2008, has not even been willing to represent that it would produce Mr. Pullman at all. Accordingly, the intervention of this Court has become necessary.

## III. DISCUSSION

### A. The Deposition Of Mr. Pullman Should Be Compelled Because The Information The Hospitals Seek Is Highly Relevant To These Cases.

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Fed.R.Civ.P. 26(b)(1). "Relevant evidence" is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

The continued existence of "Local 715" (or lack thereof), the resources of "Local 715," and its representational capacity are all issues at the heart of these Cases. The Hospitals reasonably anticipate that Mr. Pullman has personal knowledge of relevant information which touches upon the central issues of these Cases. He was Staff Director of Local 715 at the time that it entered into the Servicing Agreement, and had direct

7
MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

responsibility for the implementation of the Servicing Agreement. [Inciardi Decl. ¶ 14 & Exh. M.] Given that the Hospitals claim that the Servicing Agreement is invalid, and that attorneys purporting to represent "Local 715" are actually acting pursuant to that invalid Servicing Agreement, his knowledge of these issues is clearly relevant. Furthermore, Mr. Pullman may have information regarding any plans that may have been in place in 2006 to dissolve Local 715 and/or to transfer its representational functions to UHW – in particular because the Hospitals contend that the Servicing Agreement that Mr. Pullman helped implement was the vehicle through which Local 715 attempted to transfer its functions to UHW. Mr. Pullman can also be expected to have knowledge regarding to what extent (if any) that employees of Local 715 were performing representational functions in 2006.

The areas described above are only a few of the areas in which Mr. Pullman can be expected to have information relevant to these Cases. Therefore, SEIU's failure to make him available for deposition on a mutually agreed-upon date is completely unjustified, and an order by this Court requiring his appearance is appropriate.[3]

### B. The Court Should Order Sanctions For SEIU's Failure to Produce Mr. Pullman On A Mutually-Acceptable Date

As a former employee of Local 715, Mr. Pullman has personal knowledge relating matters that are at issue in these Cases. SEIU can provide no reason for its continued refusal to schedule his deposition. This Court is authorized to hold in contempt any person who fails to obey a subpoena without adequate excuse. F.R.Civ.P. 45(e). The

---

[3] The Hospitals have also served subpoenas on SEIU calling for the production of documents. [Inciardi Decl. ¶ 13 & Exh. L.] The Hospitals believe that SEIU is in possession of documents that may be relevant to the issues about which Mr. Pullman would be questioned at his deposition. However, to date, SEIU has refused to provide the Hospitals with responses to the subpoenas. [Inciardi Decl. ¶ 13.] It would clearly be inappropriate for the Hospitals to be forced to take Mr. Pullman's deposition without the benefit of potentially relevant documents that SEIU is withholding. Therefore, the Hospitals request that the Court order that Mr. Pullman's deposition take place only after SEIU has provided appropriate responses to the subpoenas for the production of documents.

8
MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

party that is the subject of a motion to compel may be required to reimburse the moving party for costs associated with bringing such a motion if the moving party is successful. Fed. R. Civ. P. 37(a)(5)(A). Therefore, the Hospitals respectfully request that the Court order sanctions against Mr. Pullman, SEIU, and their counsel for the costs, including attorneys fees, associated with bringing this Motion and for their willful failure to comply with valid deposition subpoenas.

## IV. CONCLUSION

For the foregoing reasons, Stanford Hospital & Clinics and Lucile Packard Children's Hospital respectfully request that this Court grant their Motion to Compel and order sanctions against Mr. Pullman, SEIU, and their counsel.

Dated: August 20, 2008

FOLEY & LARDNER LLP
LAURENCE R. ARNOLD
EILEEN R. RIDLEY
SCOTT P. INCIARDI

By: _____
SCOTT P. INCIARDI
Attorneys for STANFORD HOSPITAL & CLINICS and LUCILE PACKARD CHILDREN'S HOSPITAL

9
MOTION TO COMPEL PULLMAN DEPOSITION
CASE NOS. 5:07-CV-05158-JF, 5:08-CV-00213-JF, 5:08-CV-00215-JF;
5:08-CV-00216-JF; 5:08-CV-01726-JF; 5:08-CV-01727-JF

SFCA_1447266.1

# PROOF OF SERVICE

I am employed in the **County of San Francisco, State of California**. I am over the age of 18 and not a party to this action; my current business address is **One Maritime Plaza, Sixth Floor, San Francisco, CA 94111-3409**.

On **August 20, 2008**, I served the foregoing document(s) described as: STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN, DECLARATION OF SCOTT P. INCIARDI IN SUPPORT OF STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN, AND [PROPOSED] ORDER GRANTING STANFORD HOSPITAL & CLINICS' AND LUCILE PACKARD CHILDREN'S HOSPITAL'S MOTION TO COMPEL DEPOSITION OF GREG PULLMAN on the interested parties in this action as follows:

✓  BY THE FOLLOWING MEANS:
    I placed a true copy thereof enclosed in sealed envelope(s) addressed as follows:

**Norman M. Gleichman, Esq.**
**Deputy General Counsel**
**Service Employees International Union**
**CTW, CLC**
**1800 Massachusetts Avenue**
**Washington, DC 20036**
**202.730.7000**

✓  BY EXPRESS SERVICE CARRIER (**Via Overnight Courier Service**)

   ✓  I am readily familiar with the firm's practice for collection and processing of correspondence for delivery by Federal Express: collected packages are picked up by an express carrier representative on the same day, with the Airbill listing the account number for billing to sender, at **San Francisco, California**, in the ordinary course of business. I placed the envelope(s) in an envelope or package designated by the express service carrier for collection and processing for express service delivery on the above date following ordinary business practices.

✓  Executed on **August 20, 2008**, at **San Francisco, California**.

✓  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
✓  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Susan E. Yardley*
Susan E. Yardley